## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**STEVEN L. WOMACK**                                                    **PLAINTIFF**

**V.**                              **CASE NO. 4:16-CV-661-JM-BD**

**ROSIE M. HARRISON, et al.**                                          **DEFENDANTS**

### ORDER OF REMAND

Plaintiff Steven L. Womack filed a *pro se* notice of removal (docket entry #2)
seeking to remove a civil case from the Circuit Court of Pulaski County, Arkansas.  Mr.
Womack alleges that the Honorable Morgan E. Welch entered a judgment against him for
$11,606.69 for past due child support even though he had not been served with the
complaint as required by Rule 4(i) of the Arkansas Rules of Civil Procedure.  (#5 at pp.
27-28)

The State of Arkansas, Office of Child Support Enforcement, has responded to the
notice of removal and has moved to remand the case to the Pulaski County Circuit Court.
(#10)   For the reasons that follow, the motion to remand (#10) is GRANTED.[1]

In order for a civil defendant to remove a complaint from state to federal court, he
must file a notice of removal that contains a short, plain statement of the grounds for

---

[1] Judge James M. Moody Jr. referred the case to this Court for disposition of all
pretrial matters.  (#3)

removal together with a copy of all process, pleadings, and orders served upon him in the

state court proceeding.  28 U.S.C. § 1446(a).

Here, Mr. Womack asserts that removal is proper under 28 U.S.C. § 1443, which

provides for removal of a civil action:

> (1) Against any person who is denied or cannot enforce in the courts of such
> State a right under any law providing for the equal civil rights of citizens of the
> United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for
> equal rights, or for refusing to do any act on the ground that it would be
> inconsistent with such law.

As support for removal, Mr. Womack claims he:

> is [a] disabled handicapped person and shall be discrimination against the
> Civil Rights Act of 1964 the Federal Law prohibit and banned discriminate
> on the basis of race, color religion, and national origin and shall be enforce
> and including in the complaint and prohibit all other threats and harassment
> by State of Arkansas Office of Child Support Enforcement Mark L. Ross
> Arkansas Bar Number: 79249 Attorney for State of Arkansas Office of
> Child Support Enforcement, the Honorable Morgan (Chip) Welch Pulaski
> County Sixteenth Division Circuit Judge of Pulaski County, Arkansas, the
> Honorable Larry Crane, Circuit Clerk his Deputy Clerk Bettina J. Boughter,
> Deputy Clerk. [sic]

(#5 at 4)  The United States Supreme Court has interpreted the phrase, "any law providing

for the equal civil rights of citizens" in § 1443(1) to mean any law providing for specific

civil rights ensuring *racial* equality.  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)

(emphasis added); *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).  Mr. Womack

references the Civil Rights Act, equal rights, and due process, but does not allege that he

has been discriminated against based on his race.  (#5 at 2-4)  The Court has held that

2

broad allegations of deprivations of equal protection and due process rights do not qualify for removal under section 1443(1).  See *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Furthermore, even if Mr. Womack had sufficiently asserted a cause of action under the Civil Rights Act, removal under §1443(1) is warranted only if he can show that he has been denied or cannot enforce that right in state court.  See *Georgia v. Rachel*, 384 U.S. at 800 (removal is warranted only if there is a solid basis for predicting that the defendant's civil rights will be denied in the state court); see also *Neal*, 112 F.3d at 355. Mr. Womack has not asserted that he cannot enforce his rights in state court.  Instead, he alleges that he was prevented from reopening his state case because the clerk required him to pay a reopening fee.  (#2 at 2, 24; #5 at 2, 37)  There is no indication that Mr. Womack moved to proceed *in forma pauperis* or made any attempt to file an appeal of the trial court's judgment.  Based on Mr. Womack's allegations, there is not a solid basis to believe the state court would deny his civil rights in order to remove his case to federal court under §1443(1).

In any event, the Supreme Court has interpreted § 1443(2) to "confer privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  Mr. Womack's allegations do not support removal under § 1443(2).

Mr. Womack has not established that this Court has jurisdiction under 28 U.S.C. § 1443.  Accordingly, the State's motion to remand (#10) is GRANTED.  The case is remanded to the Circuit Court of Pulaski County, 16th Division, Case No. 60DR-98-1861, under 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.  Mr. Womack's motion to amend his notice of removal (#5) is DENIED as moot.

IT IS SO ORDERED, this 11th day of October, 2016.

_____

UNITED STATES MAGISTRATE JUDGE

4